UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 09-206-JBC**

**NATIONAL LABOR RELATIONS BOARD,** **PETITIONER,**

**V.** **ORDER**

**JACKSON HOSPITAL CORPORATION,** **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Supplemental Proposed Findings of Fact and Recommendation of Magistrate Judge James B. Todd.  R. 37.  The petitioner, the National Labor Relations Board ("NLRB") objected to the recommendation.  R. 38.  Having reviewed the record *de novo*, the court will adopt the supplemental proposed findings of fact and recommendation issued by the magistrate judge (R. 37) in part, with the addition of the analysis below.

**I.     Background**

In May 2009, the NLRB registered a judgment entered in its favor by the United States Court of Appeals for the Sixth Circuit enforcing the NLRB's order directing back pay to four former employees of the respondent, Jackson Hospital Corporation (d/b/a the Kentucky River Medical Center).  Upon motion of the NLRB, the court subsequently issued writs of garnishment to garnishees Bank of America and Fifth Third Bank.  On July 14, 2009, Jackson Hospital Corporation moved the

1

Sixth Circuit to recall its mandate and to set aside the judgment upon which the garnishment is based, and filed a motion in this court for a hearing and to stay further proceedings pending resolution of its motion to set aside judgment, or alternatively, to quash the writ of garnishment.  R. 11, Exh. 1.  On July 30, 2009, the Sixth Circuit denied respondent's motion.  On August 3, 2009, the respondent moved the Sixth Circuit to stay the mandate; that court rejected the motion, and the mandate issued in April 2009 remained in effect.  R. 20, Exh. 1-2.  That same day, the instant judge referred the pending motion to set aside the judgment or to quash the writ of garnishment to Magistrate Judge James B. Todd.  R. 15.  The magistrate judge held a hearing on December 14, 2009 (R. 35), and issued a supplemental report and recommendation on January 29, 2010 (R. 37).

II.    Objections to the Supplemental Report and Recommendation

    A.    Holding the Matter in Abeyance Pending the Supreme Court's Decision in *New Process Steel*

First, the court adopts the magistrate judge's recommendation to stay enforcement until the Supreme Court issues its decision in *New Process Steel*, *L.P. v. NLRB*. 564 F.3d 840 (7th Cir. 2009), *cert. granted,* 130 S. Ct. 488 (2009).  In *New Process Steel*, the Supreme Court is expected to resolve the current circuit split regarding the validity of two-member board decisions by the NLRB.  To date, the Sixth Circuit has not considered this issue.  Respondents argue that the underlying judgment by the NLRB was invalid because only two members of the NLRB participated in that decision.

The NLRB objects to holding this matter in abeyance pending the Court's decision in *New Process Steel* because it believes that doing so is "unlikely to save the parties litigation costs or to advance this case any further toward a proper resolution." R. 38 at 2. Instead, the NLRB requests that this court enforce the mandate, urging that doing so will ensure that the illegally terminated employees in this case receive the back pay they are entitled to as soon as possible. Enforcing the garnishment at this time, however, would result in greater litigation costs than would simply staying the matter, and would not provide the underlying plaintiffs access to the garnished funds any sooner than would staying the proceedings. Even if the court were to enforce the order, it seems likely that the NLRB would appeal. An appeal at this time would increase litigation costs and would prevent any disbursement in this case. In contrast, a stay will enable this court to resume consideration of this matter once the Supreme Court has resolved the two-member board issue, as it is expected to do by July of this year. The court therefore exercises its discretion to stay enforcement of the garnishment and consideration of the 10% penalty pending the Supreme Court's decision.

    **B.**    **The Garnishment**

The court will, however, deny the motion to quash the garnishment. In the absence of intervening authority by the Supreme Court or the Sixth Circuit, this court lacks the authority to set aside the Sixth's Circuit's mandate regarding this matter.

**III.     Conclusion**

For these reasons, the Magistrate Judge's Supplemental Report and Recommendation, R. 37, is adopted in part as this court's opinion with the addition of the analysis set forth above.

Accordingly,

**IT IS ORDERED** that respondent's motion to stay further proceedings pending resolution of the motion to set aside judgment and to quash the writ of garnishment, R. 11, is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for disposition of funds pursuant to garnishment, R. 14, is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** the motion to say proceedings, R. 18, is **GRANTED**.  This matter is **STAYED** and all proceedings will be held in abeyance pending a decision by the Supreme Court in *New Process Steel.*

Signed on  March 9, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY